**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AVIS GRIFFIN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 25-1682** |
| | : | |
| **STATE FARM MUTUAL** | : | |
| **AUTOMOBILE INSURANCE** | : | |
| **COMPANY** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                              **April 25, 2025**

Avis Griffin purchased car insurance from State Farm. State Farm agreed to pay for Ms. Griffin's covered losses arising from an accident with an uninsured driver. Ms. Griffin contractually agreed she would sue both State Farm and the uninsured driver for recovery if she challenged State Farm's uninsured motorist coverage decision.

Ms. Griffin and Bessy Hernandez-Valladares got into a car accident in May 2022. The local police found Ms. Griffin liable for the accident. She disagrees. Ms. Griffin learned State Farm accepted liability for the accident and, based on its determination, denied her uninsured motorist coverage. State Farm suggested Ms. Griffin make a claim under Ms. Hernandez-Valladares's insurance policy. She did, but Ms. Hernandez-Valladares's insurer denied coverage. So, Ms. Griffin returned to State Farm to seek uninsured benefits. She pro se sued her insurer State Farm last year but did not sue Ms. Hernandez-Valladares. We dismissed with leave to amend to add Ms. Hernandez-Valladares as required by the State Farm policy but Ms. Griffin decided to dismiss without prejudice while she found an attorney. No luck in finding a lawyer, but she now returns pro se suing State Farm again for breach of the insurance policy and bad faith without adding Ms. Hernandez-Valladares to the case. State Farm moves to dismiss. We agree with State Farm again.

We again grant Ms. Griffin leave to timely amend to name Ms. Hernandez-Valladares to her contract claim (if otherwise timely) and to possibly plead facts of State Farm's bad faith.

## I.   Alleged Facts

Avis Griffin purchased car insurance from State Farm Mutual Automobile Insurance Company. She agreed to State Farm's conditions which would allow her to sue State Farm for losses she may incur from an accident with an uninsured or underinsured driver.[1]

Ms. Griffin agreed to language in State Farm's Policy addressing when she can sue State Farm for uninsured benefits. These conditions in State Farm's Policy, known as "**Deciding Fault and Amount**," define when the insured, like Ms. Griffin, can sue State Farm for uninsured motor vehicle coverage: "1.a. The *insured* and *we* must agree to the answers to the following two questions; (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *uninsured motor vehicle*? (2) If the *insured* and *we* agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *uninsured motor vehicle*? If there is no agreement on the answer to either question in 1.a. above, then the *insured* shall: (1) file a lawsuit, in a state or federal court that has jurisdiction, against: (a) *us*; (b) the owner and driver of the *uninsured motor vehicle* unless *we* have consented to a settlement offer proposed by or on behalf of such owner or driver; and (c) any other party or parties who may be legally liable for the *insured's* damages[.]"[2]

Ms. Griffin and another driver Bessy Hernandez-Valladares got into a car accident in Norristown on May 19, 2022.[3] Norristown Borough police responded to the accident and prepared a police report attributing liability for the accident to Ms. Griffin, not Ms. Hernandez-Valladares.[4]

Ms. Griffin disagreed with the police report, believes fault should have been attributed to Ms. Hernandez-Valladares, and reported her disagreement with the police report to State Farm.[5]

Ms. Griffin now pleads State Farm accepted full liability shortly after the accident based on the police report and other evidence without telling her. [6] Ms. Griffin demanded uninsured motorist benefits under her Policy with State Farm, seeking $385,000 to compensate her for "physical pain and emotional distress, future pain and suffering, future medical and wage loss salary."[7] State Farm responded by denying Ms. Griffin's demand for uninsured motorist benefits because it determined Ms. Griffin is liable for the accident making the Policy's uninsured motorist benefits inapplicable.[8]

## II. Analysis

Ms. Griffin pro se sued her insurer State Farm Mutual Automobile Insurance Company for "uninsured motorist benefits," breach of contract, and bad faith under Pennsylvania statute, 42 Pa. Cons. Stat. Ann. § 8371, in the Montgomery County Court of Common Pleas on March 17, 2025.[9] State Farm removed to this Court and now moves to dismiss Ms. Griffin's amended Complaint with prejudice.[10] Ms. Griffin opposes State Farm's motion.[11] We again dismiss the amended Complaint without prejudice.

### A. Ms. Griffin does not plead breach of contract.

Ms. Griffin asserts two contract claims: one for uninsured benefits and the other for breach of contract, essentially asserting the same claim by alleging the Policy allows for uninsured motorist benefits, State Farm breached the Policy by refusing to pay uninsured motorist benefits, and resulting damages.

State Farm asks us to dismiss Ms. Griffin's contract claims. State Farm argues: (1) Ms. Griffin did not allege Ms. Hernandez-Valladares was uninsured at the time of the accident or, if

insured, the limits of insurance were less than required or Ms. Hernandez-Valladares's insurer denied its policy provided liability coverage resulting from the accident; (2) a condition precedent of uninsured motorist coverage under the Policy requires Ms. Griffin and State Farm to agree Ms. Griffin is legally entitled to recover from Ms. Hernandez-Valladares and, because State Farm accepted full liability for the accident, Ms. Griffin cannot allege she and State Farm agreed; and (3) the applicable Policy provision triggered when Ms. Griffin and State Farm disagreed on her entitlement to recovery requires Ms. Griffin to sue State Farm **and** Ms. Hernandez-Valladares **and** any other necessary party Ms. Griffin believes may be legally liable for her damages and she did not do so.[12] We address each argument in turn.

We are not persuaded by State Farm's first argument Ms. Griffin did not allege Ms. Hernandez-Valladares is uninsured.[13] Ms. Griffin specifically alleged "[t]he other driver was uninsured."[14] Ms. Griffin also attached to her Complaint a letter from Ms. Hernandez-Valladares's insurer, American Freedom Insurance Company, denying Ms. Griffin's claim under the American Freedom policy.[15] Accepting as true this allegation and construing it in Ms. Griffin's favor, we may reasonably infer Ms. Hernandez-Valladares was not insured at the time of the accident.

State Farm's second and third contract arguments are two sides of the same coin. Under its Policy's Deciding Default and Amount provision, Ms. Griffin and State Farm "must agree to the answers to ... two questions:" (1) Is Ms. Griffin legally entitled to recover compensatory damages from the owner or driver of the uninsured motor vehicle, Ms. Hernandez-Valladares? and (2) If Ms. Griffin and State Farm agree the answer to the first question is yes, then what is the amount of compensatory damages to which Ms. Griffin is legally entitled to recover from the uninsured Ms. Hernandez-Valladares?[16] When Ms. Griffin and State Farm disagreed on the answer to these two questions, State Farm's Policy's Deciding Fault and Amount provision required Ms. Griffin

to file a lawsuit against State Farm, the owner and driver of the uninsured vehicle, and any other party who may be legally liable for Ms. Griffin's damages. Ms. Griffin did not do so; she sued only State Farm.

Ms. Griffin did not meet the terms of the Policy. Ms. Griffin did not respond to State Farm's argument the Policy's Deciding Fault and Amount provision requires her to sue State Farm and other specified parties. She responded only she complied with all Policy terms and "[t]here is no provision in the policy that precludes recovery unless all steps are completed exactly to the insurer's satisfaction."[17] Ms. Griffin does not argue ambiguity in the Policy nor does she argue she sued the other driver somewhere else.

Under Pennsylvania law, a breach of contract claim requires Ms. Griffin to show: "(1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages."[18] An insurance policy is a contract and we interpret insurance policies like other contracts.[19] We read the Policy "as a whole" and "construe [it] in accordance with the plain meaning of [its] terms."[20] We interpret the Policy "so as to avoid ambiguities and give effect to all of its provisions."[21] We do not treat words in the Policy as "mere surplusage."[22]

Ms. Griffin agreed to purchase an insurance policy requiring her to "file a lawsuit" against State Farm, the owner and driver of the uninsured vehicle, and any other party who may be liable. This is a term of the Policy to which Ms. Griffin agreed.[23] We explained this contractual concept in our August 2024 memorandum in *Griffin I* and gave her leave to amend to name Ms. Hernandez-Valladares. Ms. Griffin chose not to do so, voluntarily dismissed her complaint in *Griffin I*, and now returns with a new action again not suing all parties specified in the Policy's Deciding Fault and Amount provision.[24]

We grant State Farm's motion but will allow Ms. Griffin leave to amend her complaint one last time to sue the parties as required by the Policy if she can do so under Pennsylvania statute of limitations.

### B.  Ms. Griffin does not plead statutory bad faith.

Ms. Griffin asserts a statutory bad faith claim against State Farm. Pennsylvania's General Assembly allows a court to award interest on the amount of an insurance claim, punitive damages, and costs and attorney's fees on a finding the insurer acted in bad faith toward the insured.[25] To prevail on a bad faith claim, the insured is required to show by clear and convincing evidence: (1) the insurer had no reasonable basis for denying policy benefits and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis when denying the claim.[26] Bad faith is not limited only to the denial of coverage; it "may also include a lack of investigation, unnecessary or unfounded investigation, failure to communicate with the insured, or failure to promptly acknowledge or act on claims," poor claims handling, failure to act with diligence or respond to the insured, "scattershot investigation, and similar conduct."[27]

Ms. Griffin must plead specific facts as evidence of bad faith and cannot rely on conclusory statements and "bare-bones allegations."[28] Ms. Griffin must allege the "who, what, where, when, and how the alleged bad faith occurred."[29]

State Farm argues Ms. Griffin does not plead the requisite facts to show State Farm lacked a reasonable basis for its claims decision to support her bad faith claim and instead makes only legal conclusions and boilerplate allegations.

Ms. Griffin responds she pleaded sufficient facts to state a claim for statutory bad faith, asserting (in her brief but not pleaded) State Farm never issued a formal denial letter as required by Pennsylvania's insurance regulations; did not conduct a reasonable investigation because it

made its decision before reviewing video footage of the accident, it knew Ms. Hernandez-Valladares did not have insurance, and it knew Ms. Griffin's car did not have front-end damage contradicting the police report; and made false statements to the Pennsylvania Insurance Department in response to Ms. Griffin's complaint.[30]

The problem, however, is Ms. Griffin did not plead these facts in her amended Complaint. She instead cites these facts in opposing State Farm's motion: there is no allegation State Farm made its decision before reviewing the video footage Ms. Griffin believes is exculpatory or her vehicle did not have front end damage contradicting the police report or State Farm's alleged false statement to the Pennsylvania Insurance Department. It is well-settled a plaintiff may not amend her complaint through a response to a motion to dismiss.[31] We must review the allegations of Ms. Griffin's amended Complaint. And the amended Complaint does not sufficiently allege bad faith.

Ms. Griffin alleges State Farm did not provide her with a reservation of rights letter; did not tell her about its liability determination for at least a year; denied uninsured motorist benefits and did not provide her with a written denial of benefits; lied about notifying her on May 24, 2022 about its liability decision; and continued its refusal to pay after Ms. Hernandez-Valladares's insurer, American Freedom, denied her claim in October 2024.[32] These are conclusions, not facts. Ms. Griffin must do more than allege State Farm acted unfairly; she must describe with specificity how State Farm lacked a reasonable basis for denying her benefits and knew or recklessly disregarded the lack of a reasonable basis.[33]

Ms. Griffin also alleges State Farm in December 2024—over two years after the accident at issue here—"wrongfully added an accident that did not belong to [her] or her policy" and "attempted to charge the costs of this unrelated accident to [her] policy and illegally listed another individual as a policyholder under [her] policy without [her] knowledge or consent."[34] State Farm

then "canceled her policy" after she disputed the "erroneous addition and charges."[35] Ms. Griffin

then obtained new insurance with another insurer who, when issuing a policy, noted she "was not

at fault" for the May 19, 2022 accident.[36] These post-December 2024 events, even if true, do not

support Ms. Griffin's claim State Farm's liability decision made two-and-a-half years earlier is in

bad faith. We dismiss Ms. Griffin's bad faith claim with leave to amend if she can do so.

## III.     Conclusion

We grant State Farm's motion to dismiss the breach of contract and bad faith claims. Ms.

Griffin does not plead facts sufficient to survive State Farm's motion. We allow Ms. Griffin leave

to timely amend her complaint in good faith with facts to support her breach of contract and bad

faith claims.

---

[1] ECF 3 at 23 (using the pagination assigned by the CM/ECF docketing system). Ms. Griffin
purchased $100,000 in uninsured motorist benefits from State Farm ("the Policy"). ECF 1-5 § IV,
¶ 2.

We reviewed the state court record received from the Montgomery County Court of Common
Pleas upon State Farm's removal. ECF 3. It appears Ms. Griffin's initial Complaint attached over
100 pages of exhibits. *See* ECF 3 at 13-132. Ms. Griffin then amended her Complaint in state court,
referred to original complaint Exhibits 1 through 5 in the amended Complaint, but did not attach
the exhibits to the amended Complaint. *See* ECF 3 at 133-142. State Farm filed its Notice of
Removal from Ms. Griffin's amended Complaint. ECF 1. Both Ms. Griffin and State Farm sought
to supplement the Notice of removal with the exhibits Ms. Griffin attached to her original
Complaint. *See* ECFs 6, 7. We will consider the state court record forwarded to us from the
Montgomery County Court of Common Pleas at ECF 3, including the exhibits Ms. Griffin attached
to her original Complaint referred to in her amended Complaint.

[2] ECF 3 at 23.

[3] ECF 1-5 § III, ¶ 1.

[4] ECF 3 at 37-40.

---

[5] ECF 1-5 § III, ¶ 6.

[6] *Id.* § III., ¶¶ 8, 10.

[7] ECF 1-5 § III, ¶ 12; ECF 3 at 74-76.

[8] ECF 1-5 § III, ¶¶ 8-10, 12; ECF 3 at 77. State Farm denied Ms. Griffin's demand for uninsured motorist benefits, including her damages for "pain and suffering," explaining any bodily injury pain and suffering claim cannot be brought against her State Farm policy and must instead be brought against Ms. Hernandez-Valladares's insurer, American Freedom Insurance, or the Pennsylvania Department of Transportation who Ms. Griffin believed contributed to the accident. Ms. Griffin made a claim to American Freedom Insurance but it denied her claim based on a "breach of policy provisions" by Ms. Hernandez-Valladares. ECF 1-5 § III, ¶ 13; ECF 3 at 77, 84.

[9] This is not the first time Ms. Griffin sued State Farm asserting the same claims arising from the same accident. Ms. Griffin first sued State Farm on May 16, 2024 in the Montgomery County Court of Common Pleas removed by State Farm on August 15, 2024. *Griffin v. State Farm Mutual Auto. Ins. Co.,* No. 24-4214 ("*Griffin I*"). There, Ms. Griffin pro se sued State Farm for breach of contract and statutory bad faith for failing to pay uninsured or underinsured benefits under her insurance policy with State Farm. *Griffin I*, at ECF 1-5. We granted State Farm's Motion to dismiss Ms. Griffin's breach of contract and bad faith claims, finding she did not plead a breach of contract claim and did not sue all required parties by the State Farm policy, and she did not plead specific facts to state a statutory bad faith claim. *Id.* at ECF 13. We dismissed Ms. Griffin's claims on August 29, 2024 without prejudice to amend her complaint by September 12, 2024. *Id.* at ECF 14. Ms. Griffin voluntarily withdrew her complaint under Fed. R. Civ. P. 41, electing not to amend her complaint while she sought assistance from an attorney. *Id.* at ECF 16. We dismissed the action without prejudice under Rule 41(a)(1)(A)(i). *Id.* at ECF 17. Ms. Griffin now returns with the same claims against State Farm. And she faces the same problem with her contract claim based on the Policy she purchased from State Farm.

[10] ECF 8. We accept as true Ms. Griffin's fact allegations and view them in the light most favorable to her. *Doe v. Univ. of Sciences*, 961 F.3d 203, 208 (3d Cir. 2020). We consider only the allegations in Ms. Griffin's amended Complaint, exhibits attached to the Complaint, matters of public record, and we may consider "a document integral or explicitly relied upon in the complaint ... without converting the motion to dismiss into one for summary judgment." *Id.* (citations omitted). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Ms. Griffin's amended Complaint must contain "a short and plain statement of the claim showing [she is] entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2) and set forth enough alleged facts to "state a claim to relief that is plausible on its face." *Id.* (first quoting Fed. R. Civ. P. 8(a)(2) then quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because Ms. Griffin proceeds pro se, we construe her allegations liberally but she must meet pleading requirements and allege sufficient facts to support her claims. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013)).

[11] Ms. Griffin submitted two responses in opposition to State Farm's motion. *See* ECFs 10, 11. The substance of Ms. Griffin's opposition in ECF 10 and ECF 11 appear identical. *Compare* ECF 10 at 1-6 *with* ECF 11 at 1-6. Ms. Griffin attached over 100 pages of exhibits to ECF 10 and five pages of exhibits to ECF 11 which appear duplicative of exhibits filed with ECF 10. We consider both ECF 10 and ECF 11.

[12] ECF 8-2.

[13] The Policy defines "uninsured motor vehicle" as a "land motor vehicle: 1. the ownership, maintenance, and use of which is: a. not insured or bonded for bodily injury at the time of the accident; or b. insured or bonded for bodily injury liability at the time of the accident; but (1) the limits are less than required by the financial responsibility act of Pennsylvania; or (2) the insuring company … denies that its policy provides liability coverage for compensatory damages that result from the accident[.]" ECF 3 at 22.

[14] ECF 1-5 § IV, ¶ 3.

[15] ECF 3 at 84. State Farm concedes Ms. Griffin attached to her Complaint the American Freedom Insurance Company letter denying Ms. Griffin's claim. *See* ECF 8 at 3, n.1.

[16] ECF 3 at 23.

[17] ECF 10 at 3.

[18] *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Ms. Griffin agreed to a Policy including a choice of law provision applying Pennsylvania law except if there is a disagreement with the interpretation and application of the Policy's Mutual Conditions provision and Participating Policy provision, in which case Illinois law applies. ECF 8-3 at 53. Neither party argues Illinois law applies here.

[19] *Kurach v. Truck Ins. Exch.*, 235 A.3d 1106, 1116 (Pa. 2020) ("In interpreting the relevant provisions of the insurance policies at issue ..., we are guided by the polestar principle that insurance policies are contracts between an insurer and a policyholder" to which Pennsylvania courts apply "traditional principles of contract interpretation in ascertaining the meaning of the terms used therein.") (citations omitted); *Sapa Extrusions, Inc. v. Liberty Mut. Ins. Co.*, 939 F.3d 243, 257-58 (3d Cir. 2019) (applying Pennsylvania's interpretation of contracts to insurance policies).

[20] *Twin City Fire Ins. Co. v. Glenn O. Hawbaker, Inc.*, 118 F.4th 567, 574 (3d Cir. 2024) (citations omitted).

[21] *Id.*

[22] *Sapa Extrusions, Inc.*, 939 F.3d at 258 (rejecting argument to read a policy's "Insured Intent Clause" as "mere surplusage").

23 We also note the Policy's "Legal Action Against Us" section provides "[l]egal action may not be brought against [State Farm] until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against [State Farm] regarding: ... Uninsured Motor Vehicle Coverages ... if [Ms. Griffin] ... files a lawsuit in accordance with the **Deciding Fault and Amount** provision of the involved coverage. ... no other legal action may be brought against [State Farm] relating to Uninsured Motor Vehicle Coverages ... for any other causes of action that arise out of or are related to these coverages until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**." ECF 8-3 at 52-53.

24 We studied analyses from other judges reviewing the Deciding Fault and Amount provision in State Farm's Policy. For example, in *Leon v. State Farm Fire and Cas. Co.*, 98 N.E.3d 1284 (Ohio Ct. App. 2017), President Judge Mays affirmed the trial court's entry of summary judgment in favor of State Farm. Plaintiff opposed State Farm's motion for summary judgment arguing impossibility to comply with the policy's Deciding Fault and Amount provision requiring he sue State Farm and the uninsured motorist. *Id.* at 1288-89. President Judge Mays rejected plaintiff's impossibility assertion and his additional argument the Deciding Fault and Amount provision is ambiguous. *Id.* at 1290-91. In *To v. State Farm Mut. Auto. Ins. Co.*, No. 22-2021, 2022 WL 12029611 (W.D. Tenn. Oct. 20, 2022), Judge Fowlkes granted State Farm's motion to dismiss the complaint of its insured, Mr. To. Mr. To had a policy of insurance with State Farm containing the same Deciding Fault and Amount provision as Ms. Griffin. Mr. To was involved in a car accident with another driver who did not have enough coverage to cover the full amount of repairs to Mr. To's car and the loss of use of his car. Mr. To and State Farm disputed the loss of use and Mr. To sued State Farm only. Mr. To argued State Farm waived the Deciding Fault and Amount provision because it accepted policy limits from the uninsured driver's carrier and thus he did not have to also sue the uninsured driver. Judge Fowlkes granted State Farm's motion with leave for Mr. To to amend the complaint to include the "proper parties, namely [the uninsured driver]." *Id.* at *12.

Our former colleague Judge Davis denied State Farm's motion to dismiss its insured's breach of contract claim based on the Deciding Fault and Amount provision under much different facts. *Gallow v. State Farm Ins. Co.*, No. 13-1351, 2013 WL 12147650 (E.D. Pa. July 8, 2013). The insured Ms. Gallow and her husband sued their insurer State Farm for underinsured motorist coverage after an accident with another driver. Ms. Gallow sued the driver in a separate action in state court rather than in the case before Judge Davis. State Farm presented the same argument it does today. Judge Davis, facing two lawsuits in different courts, denied State Farm's argument the complaint must be dismissed for failing to also sue the other driver before him, reasoning the language of the Deciding Fault and Amount provision did not clearly and unambiguously require a "single lawsuit" as a condition of the policy. *Id.* at *2-*3. Our case is factually different because Ms. Griffin did not sue Ms. Hernandez-Valladares. We are not facing two lawsuits like Judge Davis did.

25 42 PA. CONS. STAT. ANN. § 8371.

26 *Berg v. Nationwide Mut. Ins. Co., Inc*., 235 A.3d 1223, 1232 (Pa. 2020) (quoting *Rancosky v. Washington Nat'l Ins. Co*., 170 A.3d 364, 377 (Pa. 2017)).

[27] *Peltz v. State Farm Mut. Auto. Ins. Co.*, 538 F. Supp. 3d 498, 509 (W.D. Pa. 2021) (quoting *Ironshore Specialty Ins. Co. v. Conemaugh Health Sys., Inc.*, 423 F. Supp. 3d 139, 154–55 (W.D. Pa. 2019), *reconsideration denied*, No. 18-153, 2020 WL 376994 (W.D. Pa. Jan. 23, 2020)).

[28] *Barbor v. State Farm Fire and Cas. Co.*, No. 24-521, 2024 WL 3678660, at *4-*5 (E.D. Pa. Aug. 6, 2024) (citations omitted).

[29] *Id.* at *6 (citation omitted).

[30] ECF 10 at 4-5.

[31] *Commw. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

[32] ECF 1-5 § III, ¶¶ 5-13.

[33] *Carolan v. Progressive Advanced Ins. Co.*, No. 24-3248, 2025 WL 777708, at *4-*6 (E.D. Pa. Mar. 11, 2025) (collecting cases).

[34] ECF 1-5 § III, ¶ 15.

[35] *Id.*

[36] *Id.* ¶ 16.